IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TYRONE WILLIAMS,

    Petitioner,

v.                                  CRIMINAL NO. 2:11cr58

UNITED STATES OF AMERICA,

    Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner Tyrone William's ("Petitioner") Motion for Compassionate Release. ECF Nos. 627 and 644. For the reasons stated below, Petitioner's Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

Petitioner was originally indicted on a 58-count indictment related to his alleged involvement in a criminal enterprise in furtherance of gang-activity and drug-related offenses. ECF No. 633. Petitioner ultimately pled guilty to Counts One and Fifty-five of the Indictment, charging Petitioner with unlawful involvement in Racketeer Influenced and Corrupt Organizations and Discharging a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 1962(c). ECF No. 164. Petitioner was a member of the Bounty Hunter Bloods/Nine Tech Gangsters street gang and participated in the operation and management of the enterprise. ECF No. 633. In the Summer of 2008, Petitioner and other alleged members of his criminal enterprise fought several victims in a parking lot in Virginia Beach, Virginia. *Id.* After the fight, the victims got into their car and fled the area. *Id.* Petitioner and his cohort then followed the victims' car and began shooting at them with various firearms. *Id.*

On April 14, 2011, Petitioner was arrested on the outstanding charges within the indictment. *Id.* On November 2, 2011, Petitioner was sentenced to a total term of 180 months imprisonment plus 5 years of supervised release. ECF No. 330.

On April 20, 2020, Petitioner filed a motion for compassionate release in light of the ongoing threats COVID-19 imposes. ECF No. 627. The Court then ordered the appropriate responses on June 9, 2020. ECF No. 632. Petitioner supplemented his motion on August 10, 2020. ECF No. 644. The Government responded in opposition on August 21, 2020. ECF No. 647. Petitioner replied to the Government's response on August 28, 2020. ECF No. 650. Accordingly, this matter is ripe for disposition.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A district court may modify a petitioner's sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Federal Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.* Courts may; however, waive the exhaustion requirement under exigent circumstances. *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020) (discussing the reasons "judicial waiver of the exhaustion requirement is permissible in light of the extraordinary threat certain inmates face from COVID-19").

## B. The Compassionate Release Standard

As amended by the FIRST STEP Act, a court may modify a term of imprisonment on the motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. §1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified based upon the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. §1B1.13, n. 1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the Bureau of Prisons before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. §1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the Bureau of Prisons. As such, U.S.S.G. §1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 2020 WL 2738225, at *4 (E.D. Va. May 26, 2020); *see also United States v. Lisi*, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019)

("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive").

Additionally, and importantly, a petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Instead, the Court may consider a combination of factors, including — but not limited to — those listed in U.S.S.G. §1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

### III. DISCUSSION

#### A. The Exhaustion Issue

Petitioner proffers no evidence to suggest that Petitioner previously requested relief from the BOP in light of the COVID-19 pandemic. At any rate, this Court has previously held that the exhaustion requirement within § 3582(c)(1)(A) may be waived in the midst of the COVID-19 pandemic. *See supra* Part II.A; *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020). Accordingly, the Court will waive the exhaustion requirement given the ongoing threats COVID-19 imposes.

#### B. Resolution of Petitioner's Request for Compassionate Release

*1. Consideration of the Factors Listed in 18 U.S.C. § 3553(a)*

In its consideration of the factors listed in 18 U.S.C. § 3553(a), the Court notes that Petitioner's offense conduct is much more serious than the title of his offense of conviction. ECF No. 633. The Presentence Report revealed that Petitioner not only shot at a vehicle fleeing from an altercation in a Virginia Beach parking lot in 2008, but Petitioner also fired shots into the residence of a rival gang member on April 28, 2006. That summer, Petitioner then robbed an individual in possession of 75 to 100 capsules of heroin and carried out this robbery with a firearm

on his person. A year later in 2007, Petitioner and another gang member trespassed onto a known drug-dealer's property whereby the fellow gang-member fired two shots in the residence and Petitioner assaulted one of the residents. Undoubtedly, Petitioner had significant involvement in multiple gang-related, unlawful activities.

Furthermore, at the time of sentencing the statutory maximum for Petitioner's offense was Life imprisonment. To date, Petitioner has served approximately 114 months of his 180-month sentence. Based upon the foregoing, Petitioner's offense conduct strongly implicates the need for a sentence "to reflect the seriousness of the offense...and to provide just punishment." 18 U.S.C. § 3553(a)(2)(A)–(B). On the other hand, the Court also considers that Petitioner has only two minor infractions on his Bureau of Prisons disciplinary record. ECF No 644 at 13. He has also participated in rehabilitative programming and obtained several certifications in electric, HVAC, and welding. *Id.* The Court also considers Petitioner's young age at the time of the underlying offenses. *Id.* Notwithstanding Petitioner's age, however, Petition could have killed multiple people on multiple occasions on account of his actions and poor decision-making. While the Court recognizes that the offenses occurred in 2008 and prior, and that Petitioner was starting on the right path just before his arrest in 2011, Petitioner must still account for his wrongdoing. After full consideration of the § 3553(a) factors, however, the Court concludes that the purposes of Petitioner's sentence remain unfulfilled.

2. *Evaluation of "Extraordinary and Compelling Reason"*

In evaluating whether an "extraordinary and compelling reason" for a sentence reduction has been established, the Court considers the severity of the ongoing COVID-19 outbreak in federal prisons. *See e.g. Wilson v. Williams*, 2020 WL 2542131, at *1–2 (N.D. Ohio May 19, 2020) (documenting the BOP's ineffective efforts to curtail the spread of the virus within FCI Elkton).

Specific to each petitioner, the Court examines the Centers for Disease Control's list of risk factors for severe COVID-19 complications when assessing compassionate release motions during the pandemic. *United States v. Lewellen*, 2020 WL 2615762, at *4 (N.D. Ill. May 22, 2020).

Here, Petitioner admits that "Mr. Williams does not suffer from a specific medical condition identified by the CDC as placing him at significantly greater risk of illness or death from COVID-19." Furthermore, Petitioner does not proffer any medical records or proof of underlying conditions that would even place him at a low risk, let alone an increased risk, of severe illness from contracting COVID-19. Accordingly, Petitioner has failed to produce enough information to show a heightened risk of severe illness or death. *See United States v. Dickson*, 2020 WL 1904058, at *3 (N.D. Ohio Apr. 17, 2020) ("[petitioner] offers no proof, such as medical records that would substantiate [underlying health issues]"); *United States v. Clark*, 2019 WL 1052020, at *3 (W.D.N.C. Mar. 5, 2019) (denying motion for compassionate release because the petitioner failed to supply medical records to substantiate medical claims).

Based upon the foregoing reasoning, the Court is unable to find an extraordinary and compelling reason for relief after considering the unfulfilled purposes of Petitioner's original sentence.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DENIED**. The Clerk is **DIRECTED** to provide a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED.**

Norfolk, Virginia
October 22, 2020

Raymond A. Jackson
United States District Judge

6